Hon. Marvin George Florman Mayor, Kensington
We acknowledge receipt of your letter inquiring whether Alcoholic Beverage Control Law § 128 prohibits the appointment of a village trustee as village police commissioner if the trustee is directly or indirectly interested in the manufacture or sale of alcoholic beverages.
The prohibition is not against such an interested person being appointed a police commissioner, etc., but is against a police commissioner, etc., being directly or indirectly interested in the manufacture or sale of alcoholic beverages. It is the license issued by the State Liquor Authority, not the public office or employment of the licensee, which is jeopardized.
Under Former Village Law § 188 there was a provision that the mayor and each village trustee, street commissioner and superintendent of public works were ex officio members of the police department and had all the powers conferred upon policemen by the Village Law as a consequence of which they were disqualified from being directly or indirectly interested in the manufacture or sale of alcoholic beverages under the provision of Alcoholic Beverage Control Law § 128, a portion of which reads as follows:
 "* * * it shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages."
In 1971 Former Village Law § 188 was amended to allow the mayor and trustees, at any time, in writing to be filed with the village clerk, to renounce and resign the ex officio status of policeman for the balance of the current term of office without resigning from the office of mayor or trustee. In an informal opinion reported in 1971 Op Atty Gen 186 we concluded that if a village trustee renounced his police status he could continue to be a village trustee and would be authorized, if otherwise qualified, to have an interest in a license issued by the State Liquor Authority to traffic in alcoholic beverages. A copy of the opinion is enclosed herewith for your convenience.
Chapter 892 of the Laws of 1972 went into effect on September 1, 1973. It repealed the old and enacted a new Village Law. The new Village Law omitted the provision making the mayor, trustees, street commissioner and superintendent of public works ex officio members of the police department. In a formal opinion addressed to the Chairman of the State Liquor Authority, reported in 1974 Op Atty Gen 7, a copy of which we enclose herewith, we concluded that the mayor or trustee of a village is eligible, if otherwise qualified, to hold a restaurant liquor license issued by that Authority.
Village Law § 3-308, subd 2 authorizes the village board of trustees to establish or abolish a separate board of police commissioners and Village Law § 3-300, subd 3 provides that members of the village board of trustees, with an exception not here relevant, may be single commissioners in charge of village departments. Village Law Article 8 (§§ 8-800-8-806) applies to village police departments and the function of the board of trustees and board of police commissioners in relation to that department. Village Law § 3-308, subd 4 provides that such police commissioners or single police commissioner "perform their duties subject to the approval of the board of trustees." Village Law § 4-412, subd 1 specifies in broad terms the general powers of the board of trustees and provides, in part:
 "* * * The board of trustees may create by resolution offices, boards, agencies and commissions and delegate to said offices, boards, agencies and commissions so much of its power as it shall deem necessary for effectuating or administering the board of trustees duties and functions."
Chapter 151 of the Laws of 1975 amended Alcoholic Beverage Control Law § 128 by designating the existing provisions as subdivision 1 and adding a subdivision 2 which reads as follows:
 "2. No elective village officer shall be subject to the limitations set forth in subdivision one of this section unless such elective village officer shall be assigned duties directly relating to the operation or management of the police department."
McKinney's Statutes § 76 asserts that where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation.
In our opinion, the content of Alcoholic Beverage Control Law § 128, subd 2 is so free from ambiguity and expresses so plainly, clearly, and distinctly a legislative intent that resort may not be had to interpretation to determine the meaning of the same and under the circumstances we conclude that a village police commissioner is barred from having a direct or indirect interest in the manufacture or sale of alcoholic beverages.